**UNITED STATES DISTRICT COURT**

**DISTRICT OF SOUTH CAROLINA**

**COLUMBIA DIVISION**

**CLIVE CAMPBELL,**

**Plaintiff,**

RCV'D - USDC COLA SC
MAY 14 '26 PM 12:25

v.

**NAVY FEDERAL CREDIT UNION,**

**Defendant.**

Civil Action No.: _____

**COMPLAINT FOR VIOLATION OF FEDERAL LAW**

**(15 U.S.C. § 1641(f)(2)) AND REQUEST FOR DECLARATORY**

**AND INJUNCTIVE RELIEF**

**I. JURISDICTION AND VENUE**

1. This action arises under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., specifically 15 U.S.C. § 1641(f)(2).

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District.

**II. PARTIES**

4. Plaintiff, Clive Campbell, is a natural person and resident of South Carolina.

5. Defendant, Navy Federal Credit Union, is a financial institution engaged in servicing and enforcement of consumer credit obligations and is alleged to be a "servicer" within the meaning of 15 U.S.C. § 1641(f).

1

## III. FACTUAL ALLEGATIONS

6. Plaintiff is the subject of an alleged consumer credit obligation that Defendant claims the right to service and enforce.

7. Plaintiff submitted a written request to Defendant seeking identification of the owner of the obligation pursuant to 15 U.S.C. § 1641(f)(2).

8. Plaintiff alleges that Defendant did not provide the information requested pursuant to 15 U.S.C. § 1641(f)(2).

9. On April 14, 2026, during proceedings before the Richland County Court of Common Pleas, Defendant was unable to identify the owner of the obligation when questioned by the Court.

10. Plaintiff alleges that Defendant's inability to identify the owner of the obligation, including at the time the matter was before a court of competent jurisdiction, occurred while Defendant continued enforcement activity relating to the alleged obligation.

11. Plaintiff alleges that Defendant continued enforcement activity relating to the alleged obligation, including repossession and continued retention of Plaintiff's vehicle, while the information requested pursuant to 15 U.S.C. § 1641(f)(2) remained outstanding.

12. Plaintiff previously sought temporary injunctive relief in state court. Plaintiff alleges that the state court proceedings did not adjudicate Defendant's compliance with 15 U.S.C. § 1641(f)(2).

13. Plaintiff does not seek appellate review of the state court ruling, but instead seeks prospective declaratory and injunctive relief arising from the federal statutory claims alleged in this action.

14. Plaintiff alleges that Defendant continues to assert rights relating to enforcement of the alleged obligation while the information requested pursuant to 15 U.S.C. § 1641(f)(2) has not been provided.

15. Plaintiff alleges ongoing and concrete injury, including:
    • Loss of use and possession of the vehicle;
    • Interference with possessory and property interests;
    • Financial hardship associated with loss of transportation; and

2

• Ongoing risk of transfer, auction, sale, or other disposition of the vehicle pending adjudication of this matter.

## IV. CLAIM FOR RELIEF

## (15 U.S.C. § 1641(f)(2))

16. Plaintiff incorporates paragraphs 1 through 15 as though fully set forth herein.
17. 15 U.S.C. § 1641(f)(2) provides that, upon written request, a servicer shall provide the name, address, and telephone number of the owner of the obligation.
18. Plaintiff alleges that Defendant did not provide the information requested pursuant to 15 U.S.C. § 1641(f)(2).
19. Plaintiff further alleges that Defendant continued enforcement activity relating to the alleged obligation while the requested information remained outstanding.
20. Plaintiff alleges that Defendant's conduct has caused ongoing and concrete injury, including loss of possession and continued risk of disposition of the vehicle.
21. Plaintiff alleges that an actual and ongoing dispute exists between the parties concerning Defendant's alleged compliance with 15 U.S.C. § 1641(f)(2).

## V. REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF

22. Plaintiff incorporates all prior paragraphs.
23. Plaintiff alleges that Defendant's continued enforcement activity relating to the alleged obligation, while the requested information pursuant to 15 U.S.C. § 1641(f)(2) remains outstanding, creates ongoing and irreparable harm.
24. Plaintiff alleges that he has no adequate remedy at law capable of preventing the transfer, sale, auction, or disposition of the vehicle pending adjudication of this action.
25. Plaintiff seeks temporary and preliminary injunctive relief solely for the purpose of preserving the status quo pending further proceedings before this Court.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

3

A. Declare that Plaintiff has alleged a federal statutory dispute arising under 15 U.S.C. § 1641(f)(2);

B. Declare that Defendant's continued enforcement activity relating to the alleged obligation, while Plaintiff alleges that the information requested pursuant to 15 U.S.C. § 1641(f)(2) has not been provided, presents an ongoing dispute appropriate for adjudication by this Court;

C. Issue temporary and preliminary injunctive relief pursuant to Federal Rule of Civil Procedure 65 preserving the status quo pending further proceedings;

D. Enjoin Defendant from selling, transferring, auctioning, or otherwise disposing of Plaintiff's vehicle pending further order of this Court;

E. Order Defendant to disclose:
• The current physical location of the vehicle;
• The identity of any towing company, storage facility, auction entity, or custodian possessing or controlling the vehicle; and
• The name, address, and telephone number of the owner of the obligation as contemplated by 15 U.S.C. § 1641(f)(2);

F. Award Plaintiff costs and such other and further relief as the Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Clive Campbell
Pro Se Plaintiff
P.O. Box 22
Blythewood, SC 29016
Telephone: 516-641-3933
Email: cmcampbell916@gmail.com

4

Date: 05/13/26

# UNITED STATES DISTRICT COURT

for the

District of South Carolina

Columbia Division

|  |  |  |
|---|---|---|
| CLIVE CAMPBELL | ) | Case No. _____ |
|  | ) | *(to be filled in by the Clerk's Office)* |
|  | ) |  |
| *Plaintiff(s)* | ) |  |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) | Jury Trial: *(check one)* ☑ Yes ☐ No |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) |  |
| *please write "see attached" in the space and attach an additional* | ) |  |
| *page with the full list of names.)* | ) |  |
| -v- | ) |  |
|  | ) |  |
| NAVY FEDERAL CREDIT UNION | ) |  |
|  | ) | **RCV'D - USDC COLA SC** |
|  | ) | **MAY 14 '26 PM12:24** |
| *Defendant(s)* | ) |  |
| *(Write the full name of each defendant who is being sued. If the* | ) |  |
| *names of all the defendants cannot fit in the space above, please* | ) |  |
| *write "see attached" in the space and attach an additional page* | ) |  |
| *with the full list of names.)* | ) |  |

## COMPLAINT FOR A CIVIL CASE

### I.     The Parties to This Complaint

#### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Clive Campbell |
| Street Address | P.O Box 22 |
| City and County | Blythewood, Richland |
| State and Zip Code | South Carolina 29016 |
| Telephone Number | 516-641-3933 |
| E-mail Address | cmcampbell916@gmail.com |

#### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

    Name                            NAVY FEDERAL CREDIT UNION

    Job or Title *(if known)*

    Street Address                820 Follin Ln SE

    City and County             Vienna, Fairfax County

    State and Zip Code         VA, 22180

    Telephone Number        888-842-6328

    E-mail Address *(if known)*

Defendant No. 2

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 3

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 4

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

## II.     Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question                    ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.     If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Attach page.

### B.     If the Basis for Jurisdiction Is Diversity of Citizenship

1.     The Plaintiff(s)

a.     If the plaintiff is an individual

The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____ .

b.     If the plaintiff is a corporation

The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____ , and has its principal place of business in the State of *(name)* _____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.     The Defendant(s)

a.     If the defendant is an individual

The defendant, *(name)* _____, is a citizen of the State of *(name)* _____ . Or is a citizen of *(foreign nation)* _____ .

Page 3 of 5

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

b.     If the defendant is a corporation

The defendant, *(name)* _____ , is incorporated under

the laws of the State of *(name)* _____ , and has its

principal place of business in the State of *(name)* _____ .

Or is incorporated under the laws of *(foreign nation)* _____ ,

and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.     The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Attach page.

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Attach page.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## V.     Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.     For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:     05/13/26

Signature of Plaintiff

Printed Name of Plaintiff          Clive Campbell

### B.     For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

## II. Basis for Jurisdiction

This action arises under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., specifically 15 U.S.C. § 1641(f)(2), which requires a servicer, upon written request, to provide the name, address, and telephone number of the owner of the obligation.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law.

Plaintiff alleges that Defendant, acting as a servicer of the alleged obligation, did not provide the information requested pursuant to 15 U.S.C. § 1641(f)(2).

Plaintiff further alleges that Defendant continued enforcement activity relating to the alleged obligation, including repossession and continued retention of Plaintiff's vehicle, without providing the information requested under the statute.

As a result of Defendant's alleged failure to provide the requested information, Plaintiff alleges that he has been unable to identify the party claiming ownership of the obligation while being subjected to continued enforcement activity relating to the alleged obligation.

Plaintiff alleges ongoing and concrete injury, including:
• Loss of use and possession of Plaintiff's vehicle;
• Ongoing risk of transfer, auction, or disposition of the vehicle; and
• Continuing interference with Plaintiff's possessory and property interests pending adjudication of this matter.

This Court has authority to grant declaratory relief pursuant to 28 U.S.C. §§ 2201–2202 and injunctive relief pursuant to Federal Rule of Civil Procedure 65.

Venue is proper in the District of South Carolina pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District.

Plaintiff previously sought temporary injunctive relief in the Richland County Court of Common Pleas. Plaintiff alleges that the state court proceedings did not adjudicate Defendant's compliance with 15 U.S.C. § 1641(f)(2).

Plaintiff does not seek appellate review of the state court ruling. Rather, Plaintiff seeks prospective relief arising from the federal statutory claims alleged in this action.

Accordingly, this action presents a federal question properly before this Court.

### III. Statement of Claim

1. Plaintiff entered into a consumer credit transaction that Defendant, Navy Federal Credit Union, claims the right to service and enforce.

2. Plaintiff submitted a written request to Defendant seeking identification of the owner of the obligation pursuant to 15 U.S.C. § 1641(f)(2).

3. Under 15 U.S.C. § 1641(f)(2), a servicer is required, upon written request, to provide the name, address, and telephone number of the owner of the obligation.

4. Plaintiff alleges that Defendant did not provide the information requested pursuant to 15 U.S.C. § 1641(f)(2).

5. On April 14, 2026, during proceedings before the Richland County Court of Common Pleas, Defendant was unable to identify the owner of the obligation when questioned by the Court.

6. Plaintiff alleges that Defendant's inability to identify the owner of the obligation, including at the time the matter was before a court of competent jurisdiction, occurred while Defendant continued enforcement activity relating to the alleged obligation.

7. Despite not providing the information requested pursuant to 15 U.S.C. § 1641(f)(2), Defendant continued enforcement activity relating to the alleged obligation, including repossession and continued retention of Plaintiff's vehicle.

8. Defendant continues to assert rights relating to enforcement of the alleged obligation while Plaintiff alleges that the information requested pursuant to 15 U.S.C. § 1641(f)(2) has not been provided.

9. Plaintiff alleges that Defendant's failure to provide the information requested pursuant to 15 U.S.C. § 1641(f)(2) has prevented Plaintiff from identifying the party claiming ownership of the obligation.

10. Plaintiff further alleges that he has been subjected to continued enforcement activity, including repossession and retention of the vehicle, without being provided the information requested pursuant to 15 U.S.C. § 1641(f)(2).

11. As a result of Defendant's alleged conduct, Plaintiff alleges ongoing and concrete injury, including:

   • Loss of use and possession of the vehicle;

   • Interference with possessory and property interests;

1

### III. Statement of Claim

- Financial hardship associated with the loss of transportation; and

- Ongoing risk of transfer, auction, sale, or other disposition of the vehicle.

12. Plaintiff alleges that Defendant's continued enforcement activity, without providing the information requested pursuant to 15 U.S.C. § 1641(f)(2), presents an ongoing federal statutory dispute between the parties.

13. Plaintiff previously sought temporary injunctive relief in the Richland County Court of Common Pleas. Plaintiff alleges that the state court proceedings did not adjudicate Defendant's compliance with 15 U.S.C. § 1641(f)(2).

14. Plaintiff does not seek appellate review of the state court ruling, but instead seeks prospective declaratory and injunctive relief relating to the federal statutory claims alleged in this action.

15. Plaintiff alleges that Defendant's continued retention and potential disposition of the vehicle constitute ongoing and irreparable harm pending adjudication of this action.

16. Plaintiff alleges that Defendant's failure to provide the information requested pursuant to 15 U.S.C. § 1641(f)(2), while continuing enforcement activity relating to the alleged obligation, remains ongoing.

2

**IV. Relief**

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Declare that Plaintiff has alleged a federal statutory dispute arising under 15 U.S.C. § 1641(f)(2) concerning Defendant's alleged failure to provide the information requested pursuant to the statute;

2. Declare that Defendant's continued enforcement activity relating to the alleged obligation, while Plaintiff alleges that the information requested pursuant to 15 U.S.C. § 1641(f)(2) has not been provided, presents an ongoing dispute appropriate for adjudication by this Court;

3. Issue a Temporary Restraining Order and Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65 preserving the status quo pending further proceedings in this action;

4. Enjoin Defendant, Navy Federal Credit Union, together with its officers, agents, employees, assigns, attorneys, representatives, and all persons acting in concert with Defendant, from:

   • Selling, transferring, auctioning, or otherwise disposing of Plaintiff's vehicle pending further order of this Court;

   • Taking any action that would materially impair this Court's ability to grant effective relief during the pendency of this action;

   • Transferring possession or control of the vehicle to any third-party purchaser, auction entity, or other transferee pending further proceedings;

5. Order Defendant to:

   • Preserve the vehicle in its present condition and current location pending further order of this Court;

   • Maintain the status quo during the pendency of this litigation;

   • Refrain from any action that would materially alter the condition, location, possession, or availability of the vehicle pending adjudication of this matter;

6. Order Defendant, within a time set by the Court, to disclose:

   • The current physical location of the vehicle;

   • The identity of any custodian, towing company, storage facility, auction entity, or third party currently possessing, storing, or controlling the vehicle; and

1

**IV. Relief**

> • The name, address, and telephone number of the owner of the obligation as contemplated by 15 U.S.C. § 1641(f)(2);

7. Award Plaintiff such declaratory, injunctive, or other relief as the Court deems appropriate under applicable law;

8. Award Plaintiff costs of this action; and

9. Grant such other and further relief as this Court deems just and proper.

2