IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Clive Campbell, | ) | C/A No.: 3:26-1949-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| Navy Federal Credit Union, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Clive Campbell ("Plaintiff"), proceeding pro se, filed this complaint against Navy Federal Credit Union ("Defendant"). This matter is before the court on Plaintiff's motion for a temporary restraining order ("TRO"). [ECF No. 4]. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), this matter has been referred to the undersigned for pretrial proceedings. For the foregoing reasons, the undersigned recommends Plaintiff's motion for a TRO be denied.

I.      Factual and Procedural Background

Plaintiff's complaint alleges Defendant violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. Specifically, Plaintiff alleges he served Defendant with a written demand requesting the identification of the owner of the obligation,[1] the current creditor, and any assignees, transferees, or entities

---

[1] Although Plaintiff does not specifically state the subject of the obligation, it appears it relates to Plaintiff's vehicle, as Plaintiff alleges Defendant is

claiming an interest in the obligation. [ECF No. 4 at 2]. Plaintiff seeks a temporary restraining order ("TRO") to "prevent sale, transfer, auction, or other disposition of the vehicle pending further proceedings before this Court." *Id.* at 1.

II.     Discussion

A.     Standard of Review

A party seeking a preliminary injunction or TRO must establish the following four elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Counsel, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Federal Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009), overruling *Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977).[2] The party must make clear showings

---

engaging in "enforcement activity related to the alleged obligation, including repossession and retention of Plaintiff's vehicle. . . ." [ECF No. 4 at 1].

[2] Although the original decision in *Real Truth* was vacated by the Supreme Court for further consideration in light of the decision in *Citizens United v. Federal Election Comm'n*, 558 U.S. 310 (2010), the Fourth Circuit reissued its opinion on Parts I and II of its earlier opinion in the case. 575 F.3d at 345–47, stating the facts and articulating the standard for the issuance of preliminary injunctions, before remanding it to the district court for consideration in light of *Citizens United. See Real Truth*, 607 F.3d 355 (4th Cir. 2010).

as to the first and second elements. *Winter*, 555 U.S. at 19–22; *Real Truth*, 575 F.3d at 345–47. The court may only consider whether the balance of equities tips in favor of the party seeking injunctive relief after she has satisfied the first two elements. *See Real Truth*, 575 F.3d at 346–47.[3] Finally, the court must be particularly mindful of the public consequences of employing the extraordinary relief of injunction. *Real Truth*, 575 F.3d at 347 (quoting *Winter*, 555 U.S. at 19–23).

B.    Analysis

Plaintiff has not shown he is likely to succeed on the merits such that he would be awarded the relief he seeks in the TRO. If Plaintiff were to succeed on his TILA claim, he may be entitled to monetary damages. However, Plaintiff provides no authority for the assumption that if he succeeds on his TILA claim, he is entitled to the return of his vehicle. Whether Defendant legally repossessed Plaintiff's vehicle is not at issue in the instant case.[4] Therefore,

---

[3] The court in *Real Truth* relied on *Winter* in expressly rejecting and overruling *Blackwelder's* sliding scale approach that formerly allowed a party to obtain an injunction with a strong showing of a probability of success even if she demonstrated only a possibility of irreparable harm. *Real Truth*, 575 F.3d at 347; *Winter*, 555 U.S. at 20–22.

[4] Plaintiff references a state court case. A review of the public docket reveals Plaintiff filed a motion for a TRO in state court on December 31, 2025, in which he alleges the vehicle was repossessed on December 28, 2026, before the alleged TILA violations in this case occurred. *See Campbell v. Navy Federal Credit Union*, 2025CP4008598, available from a search of

because Plaintiff has failed to show success in this case would entitle him to the relief he seeks in the TRO, he is not entitled to a TRO.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Plaintiff's motion for a TRO be denied.

IT IS SO RECOMMENDED.

May 15, 2025                                    Shiva V. Hodges
Columbia, South Carolina                United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

https://www.sccourts.org/case-records-search/ (last visited May 15, 2026).

4

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).