IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Clive Campbell,

          Plaintiff,

v.

Navy Federal Credit Union,
          Defendant.

C/A No. 3:26-1949-JFA-TER

**ORDER**

## I.    INTRODUCTION

Clive Campbell, ("Plaintiff"), proceeding *pro se*, brings this action against Navy Federal Credit Union, ("Defendant"), alleging that Defendant violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings.

This matter is before the Court on Plaintiff's Motion for a Temporary Restraining Order ("TRO"). (ECF No. 4). After reviewing this motion, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"). (ECF No. 8). Within the Report, the Magistrate Judge opines that Plaintiff's Motion for a TRO, (ECF No. 4), should be denied.

The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. Plaintiff filed objections to the Report on May 28, 2026. (ECF No. 17). Therefore, this matter is ripe for review.

## II.    STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error

2

in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow Plaintiff to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of a liberal construction does not mean, however, that the court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson,* 699 F.3d 789, 797 (4th Cir.2012).

### III.    DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore a full recitation is unnecessary here. (ECF No. 8). In short, Plaintiff seeks a TRO to "prevent sale, transfer, auction, or other disposition of the vehicle pending further proceedings before this Court." (ECF No. 4, p. 1). The Report recommends that Plaintiff's Motion for a TRO be denied because "Plaintiff has not shown

he is likely to succeed on the merits such that he would be awarded the relief he seeks in the TRO." (ECF No. 8, p. 3). The Report further accurately states that if "Plaintiff were to succeed on his TILA claim, he may be entitled to monetary damages. However, Plaintiff provides no authority for the assumption that if he succeeds on his TILA claim, he is entitled to the return of his vehicle." *Id.* Accordingly, the Report concluded that Plaintiff fails to show that success in this case would entitle him to the relief he seeks in the TRO and accordingly his Motion for a TRO, (ECF No. 4), should be denied.

In his objections, Plaintiff argues that: the "Report improperly limits Plaintiff's claims to a TILA disclosure dispute," the "Report does not fully address whether Defendant possesses authority to dispose of the collateral," "Plaintiff has sufficiently alleged irreparable harm," "the balance of the equities favors preservation of the status quo," and that "public interest favors judicial review before disposition of disputed collateral." (ECF No. 17, pp. 1–4). For the reasons stated in the Report and herein, Plaintiff's objections are overruled.

Plaintiff argues that the Report improperly limits Plaintiff's claim to a TILA disclosure dispute when "Plaintiff's filings also raise issues concerning: (1) Defendant's standing to enforce the alleged obligation; (2) whether Defendant possesses lawful authority to repossess and dispose of the collateral; (3) whether any assignments or transfers affect Defendant's enforcement rights; (4) whether applicable repossession and disposition procedures were properly followed; and (5) whether Plaintiff has been provided sufficient information to verify the current holder or party entitled to enforce the obligation." *Id.* at 2 (citation modified). Plaintiff's objection fails to substantively alter the

4

accuracy of the Report's recommendation. While Plaintiff has alleged several facts and clearly seeks to maintain possession, or repossess the collateral, the substance of Plaintiff's claim as alleged in his Complaint is a violation of the TILA. (ECF No. 1). As accurately stated in the Report, Plaintiff has failed to provide authority for his reasoning that if he succeeds on his TILA claim as plead, he is entitled to the return of the collateral. (ECF No. 8, p. 3).

Consistent with this reasoning, all of Plaintiff's remaining objections discussed above and contained in his filings fail. Due to Plaintiff's failure to show that he is likely to succeed on the merits, his objections pertaining to the other four elements required to permit the granting of a TRO are extraneous to this Court's ruling.

Accordingly, because Plaintiff has failed to show that success in this case would entitle him to the relief he seeks in the TRO, his Motion for a TRO, (ECF No. 4), is denied.

## IV.     CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 8). Accordingly, Plaintiff's Motion for a TRO, (ECF No. 4), is denied. This matter shall be referred to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.

June 10, 2026                                   Joseph F. Anderson, Jr.
Columbia, South Carolina              United States District Judge

5